**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| LINDA MOISE, : <br> : <br> Plaintiff, : <br> : <br> v.  : <br> : <br> DNF ASSOCIATES, LLC and : <br> PEROUTKA, MILLER, KILMA & PETERS, P.A.,: <br> : <br> Defendants. : <br> : | Civil Action No. 1:21-cv-395 |

**COMPLAINT**

COMES NOW Plaintiff, Linda Moise, by counsel, and files this Complaint against Defendants, DNF Associates, LLC ("DNF") and Peroutka, Miller, Kilma & Peters, P.A. ("PMKP"). In support of her claims, Ms. Moise alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for statutory and actual damages; costs; and attorney's fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

2. In this case, DNF and PMPK violated multiple provisions of the FDCPA while attempting to collect a defaulted Kay Jeweler's account, including by filing a garnishment against Ms. Moise when there was no judgment against her, attempting to collect post-judgment interests, garnishment costs, and judgment costs that she did not owe, and by filing the improper garnishment in the incorrect jurisdiction.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events giving rise to Ms. Moise's claims occurred in this District.

## PARTIES

5. Ms. Moise is a natural person who lives in Coral Springs, Florida. She is a consumer as defined by 15 U.S.C. § 1692a(3).

6. DNF is a "debt collector" as defined by 15 U.S.C. § 1692a(6) with its principal place of business in Getzville, NY.

7. PMKP is a Maryland law firm and "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTS

8. In approximately April 2014, Ms. Moise opened a Kay Jewelers account (the "Account"), which she used as a personal account, in Sugar Hill, Georgia.

9. As a result of financial difficulties, Ms. Moise fell behind on her monthly payments for the Account, and it went into default.

10. At some point after the default, DNF bought the Account.

11. DNF hired KMPK to collect the Account's outstanding balance by filing a lawsuit against Ms. Moise.

12. On or around January 27, 2020, the Defendants filed a Warrant in Debt against Ms. Moise in Falls Church City General District Court (Case No. GV20000020-00).

13. The Warrant in Debt listed a first return date of March 11, 2020.

14. On March 11, 2020, the case was continued until April 7, 2021.

15. No judgment has been taken in this case, and it is still pending.

16. Defendants have never served the Warrant in Debt on Ms. Moise.

17. Instead, Ms. Moise did not learn about the case until her employer, Realogy Brokerage Group, received a garnishment for the debt.

18. Apparently, even though the Warrant in Debt was still pending and there was no judgment against Ms. Moise, the Defendants filed a garnishment action for the Account on February 2, 2021 in Falls Church General District Court (Case No. GV20000020-01).

19. At the time that the Defendants filed the garnishment action against Ms. Moise, she lived in Coral Springs, Florida.

20. Ms. Moise has lived in Florida since 2017.

21. The filing of this garnishment was improper for several reasons.

22. First, only judgment creditors can file garnishment actions. Va. Code § 8.01-511.

23. The Defendants are not judgment creditors because they have not obtained a judgment against Ms. Moise.

24. Second, in requesting that the Falls Church General District Court issue the garnishment summons against Ms. Moise, the Defendants submitted a garnishment suggestion.

25. The garnishment suggestion certified that Ms. Moise had a judgment against her.

26. This statement was false. Again, there is no judgment against Ms. Moise regarding the Account.

27. This garnishment suggestion also stated that Ms. Moise owed $285.69 in post-judgment interest, $54.00 in judgment costs, and $96.00 in garnishment costs.

28. This statement was also false. Ms. Moise could not owe any post-judgment interest or judgment costs because there was no judgment against her. She also should not have been charged garnishment costs because the garnishment filing was completely improper.

29. The Defendants knew that there was no judgment against Ms. Moise because the Warrant in Debt is still pending and that she could not owe any post-judgment interest or judgment costs without the entry of a judgment.

30. Knowingly making false statements on a garnishment suggestion is a Class 1 misdemeanor. Va. Code § 8.01-511(F).

31. As a result of the Defendant's illegal collection efforts, Ms. Moise suffered actual damages. For example, her reputation was damaged when her employer received a garnishment incorrectly stating that there was a judgment against her. This was humiliating and incredibly upsetting. She has also suffered emotional distress because of the Defendants' conduct, including the fear that she will have to incur significant expense defending a lawsuit hundreds of miles away from where she lives.

## COUNT ONE:
## VIOLATION OF FDCPA, 15 U.S.C. § 1692d

32. Ms. Moise incorporates each of the allegations set forth above.

33. Defendants violated § 1692d(1) of the FDCPA by using criminal means to harm Ms. Moise's reputation.

34. For example, Defendants committed a Class 1 misdemeanor by filing a false garnishment suggestion to obtain a garnishment summons.

35. This summons was served on Ms. Moise's employer, leading her employer to incorrectly believe that a judgment had been entered against her and damaging Ms. Moise's reputation.

36. Because of Defendants' violation of § 1692d, Ms. Moise suffered actual damages, including damage to reputation, embarrassment, humiliation, and other emotional distress.

37. Under 15 U.S.C. § 1692k, Ms. Moise is entitled to recover actual damages, statutory damages, and her reasonable attorney's fees and costs from the Defendants.

## COUNT TWO:
## VIOLATION OF FDCPA, 15 U.S.C. § 1692e

38. Ms. Moise incorporates each of the allegations set forth above.

39. Defendants violated § 1692e(2)(A) of the FDCPA by falsely representing the character, amount, and legal status of the Account.

40. For example, Defendants falsely represented that Ms. Moise had a judgment against her when she did not.

41. Defendants also falsely represented that Ms. Moise owed $285.69 in post-judgment interest, $54.00 in judgment costs, and $96.00 in garnishment costs. Ms. Moise did not owe this money because there was no judgment against her.

42. Because of Defendants' violation of § 1692e, Ms. Moise suffered actual damages, including damage to reputation, embarrassment, humiliation, and other emotional distress.

43. Under 15 U.S.C. § 1692k, Ms. Moise is entitled to recover actual damages, statutory damages, and her reasonable attorney's fees and costs from the Defendants.

## COUNT THREE:
## VIOLATION OF FDCPA, 15 U.S.C. § 1692f

44. Ms. Moise incorporates each of the allegations set forth above.

45. Defendants violated § 1692f of the FDCPA by using unfair and unconscionable means in attempting to collect the Account from Ms. Moise.

46. For example, Defendants improperly filed a garnishment action against Ms. Moise even though there was no outstanding judgment against her.

47. Defendants also attempted to collect money from Ms. Moise that she did not owe, including judgment costs and post-judgment interest.

48. Because of Defendants' violation of § 1692f, Ms. Moise suffered actual damages, including damage to reputation, embarrassment, humiliation, and other emotional distress.

49. Under 15 U.S.C. § 1692k, Ms. Moise is entitled to recover actual damages, statutory damages, and her reasonable attorney's fees and costs from the Defendants.

## COUNT FOUR:
## VIOLATION OF FDCPA, 15 U.S.C. § 1692i

50. Ms. Moise incorporates each of the allegations set forth above.

51. Defendants violated § 1692i of the FDCPA by filing a legal action in the improper judicial district.

52. Under the FDCPA, debt collectors collecting debt that is not secured by real property may only file legal proceedings in the judicial district where the consumer signed the contract for the debt or where the consumer resides at the time the action is filed.

53. The Defendants filed a garnishment against Ms. Moise in Falls Church General District Court, even though she lived in Coral Springs, Florida when the garnishment was filed, and she opened the Account in Sugar Hill, Georgia.

54. Because of Defendants' violation of § 1692i, Ms. Moise suffered actual damages, including damage to reputation, embarrassment, humiliation, and other emotional distress.

55. Under 15 U.S.C. § 1692k, Ms. Moise is entitled to recover actual damages, statutory damages, and her reasonable attorney's fees and costs from the Defendants.

WHEREFORE, Ms. Moise demands judgment for actual and statutory damages against Defendants; her attorney's fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

                    Respectfully submitted,
                    **LINDA MOISE**

                    By: */s/ Kristi C. Kelly*
                    Kristi Cahoon Kelly, VSB #72791
                    Andrew J. Guzzo, VSB #82170
                    Casey S. Nash, VSB #84261
                    KELLY GUZZO, PLC
                    3925 Chain Bridge, Suite 202
                    Fairfax, VA 22030
                    Telephone: (703) 424-7572
                    Facsimile: (703) 591-0167
                    Email: kkelly@kellyguzzo.com
                    Email: aguzzo@kellyguzzo.com
                    Email: casey@kellyguzzo.com
                    *Counsel for Plaintiff*